


## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 749 | DATE | 7/1/2003 |
| CASE TITLE | Robert Wilson vs. United States of America | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's Section 2255 petition is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT WILSON, pro se, )
)
    Petitioner, )
)
vs. ) No. 03 C 749
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

DOCKETED JUN 3 2003

## MEMORANDUM OPINION AND ORDER

Robert Wilson was convicted of wire fraud on March 22, 2001, and he was thereafter sentenced to a 23-month term of imprisonment and three years supervised release, and was directed to pay $28,288.54 in restitution. Toward the end of his custody sentence he filed this §2255 petition. It became fully briefed after petitioner's projected release date.

He alleges five grounds for relief, none of which has merit. He claims that he received ineffective assistance of counsel, that the indictment was insufficient because it did not allege materiality, that the evidence was insufficient, that the court erred in enhancing his sentence for more than minimal planning, and that the court erred in ordering restitution in the amount of $28,288.54.

The government contends that four of the five claims are barred because the defendant failed to raise them on direct appeal. It may be right about that, but petitioner's claim may more properly be that he received ineffective assistance of counsel both at trial and also on appeal because those claims were not raised on appeal – he was represented at trial and on appeal by the same counsel. But we need not dwell on it. This court expressly recalls that trial



counsel mounted a very aggressive defense, but the four claims just were not available to defendant. The indictment clearly alleged that defendant engaged in a scheme to defraud "by means of materially false and fraudulent pretenses and representations," the evidence of guilt was compelling, the scheme clearly involved more than minimal planning by defendant, and the restitution order was proper. If, and only if, some of the loss was recovered from another source, defendant would be entitled to a credit, but he has failed to show that ever happened.

That leaves us with petitioner's claims that he somehow was prejudiced by failure of counsel to attack the loss of tapes of his interrogation by agents (there is nothing to substantiate his assertion that there were such tapes, nor does he specify how he could have been prejudiced), by the failure to call an alleged business associate as a witness (there is nothing to suggest his testimony would have been helpful to defendant and, indeed, the government asserts that the associate's grand jury testimony inculpated defendant), by the failure to call witnesses who would have testified that defendant did engage in commercial loans with the expectation of commissions (which was beside the point), and that jurors in a post-trial interview expressed doubts about the sufficiency of the evidence (defendant was not there, the court was, and that did not happen). That claim is without merit.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 1, 2003.

# United States District Court
## Northern District of Illinois
### Eastern Division

Robert Wilson **JUDGMENT IN A CIVIL CASE**

v. Case Number: 03 C 749

United States of America

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☒ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the petitioner's section 2255 petition is denied.

Michael W. Dobbins, Clerk of Court

Date: 7/1/2003

Willie A. Haynes, Deputy Clerk